**Turner O. WILEY, Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE, INCORPORATED, Defendant–Appellee.**

No. 00–1465.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 28, 2001.

Decided April 27, 2001.

Kathleen G. Sumner, Law Offices of Kathleen G. Sumner, Greensboro, NC, for appellant.

Jill Stricklin Cox, Constangy, Brooks & Smith, L.L.C., Winston–Salem, NC, for appellee.

ON BRIEF: John J. Doyle, Jr., Constangy, Brooks & Smith, L.L.C., Winston–Salem, NC, for appellee.

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

OPINION

PER CURIAM.

Turner Wiley filed an action in North Carolina Superior Court against his employer, United Parcel Service, Inc. (UPS),

alleging that UPS had discriminated against him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 2000e–2. Specifically, Wiley claimed that UPS failed to reasonably accommodate his disability (back and shoulder ailments and frequent urination due to seizure medication). UPS removed the case to the U.S. District Court for the Middle District of North Carolina on federal question and diversity of citizenship grounds. Thereafter, both parties moved for summary judgment. On March 20, 2000, prior to ruling on the motions, the district judge met with the parties to discuss a possible settlement. The settlement effort failed, however. On April 7, 2000, the district court entered summary judgment in favor of UPS. The court held that UPS fulfilled its duty to provide reasonable accommodations to Wiley. It also concluded that Wiley's accommodation demands were unreasonable and that he failed to engage in an "interactive process" with UPS to identify suitable work arrangements to accommodate his disability. Wiley appeals.

After considering the joint appendix, the briefs, and the oral arguments of counsel, we are persuaded that the district court reached the correct result. We therefore affirm substantially on the reasoning of the district court. *See Wiley v. United Parcel Serv.*, No. 1: 99CV00236 (M.D.N.C. Apr. 7, 2000).

■ One new issue should be mentioned. Wiley argues for the first time on appeal that the district judge should have recused himself once settlement discussions broke down. Essentially, Wiley claims that the district judge's participation in the settlement conference created an appearance of partiality and therefore the judge should have recused himself (on his own motion) before ruling on the parties' cross motions for summary judgment. *See* 28 U.S.C. § 455(a). We review the judge's decision to retain the case for abuse of discretion, *see Sales v. Grant*, 158 F.3d 768, 781 (4th Cir.1998), and we find that the judge acted well within the bounds of propriety.

■ Generally, a judge's participation in a settlement conference does not, by itself, create an appearance of partiality. *See In re Martinez–Catala*, 129 F.3d 213, 218 (1st Cir.1997) (recognizing that judicial settlement conferences are "common occurrences" that are necessary to facilitate the resolution of litigation). Here, the district court judge simply conducted a settlement conference in an effort to achieve agreement between the parties. Wiley has not alleged any facts that would indicate that the judge's conduct during the settlement conference created an appearance of partiality. The judge was not required to recuse himself in these circumstances.

*AFFIRMED.*